UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY ALLEN ANDERSON, AND ANY AND ALL PERSONS SIMILAR;<br>　　　Plaintiff,<br>　vs.<br><br>D. KAEMINGK, SECRETARY OF CORRECTIONS AT DEPT. OF CORRECTIONS FOR STATE OF SD, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; D. YOUNG, WARDEN AT SIOUX FALLS PRISON SYSTEM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; T. PONTO, ASSOC. WARDEN AT JAMESON ANNEX, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; A. ALLCOCK, ASSOC. WARDEN AT SDSP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; T. MEIROSE, A. MADSEN, O. BERTSCH, (SECTION MANAGERS);<br>　　　Defendants. | 4:17-CV-04096-KES<br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLANT AND DENYING MOTIONS TO APPOINT COUNSEL AND CERTIFY CLASS |

**INTRODUCTION**

Plaintiff, Terry Allen Anderson, is an inmate at the South Dakota State Penitentiary (SDSP) in Sioux Falls. Anderson filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 2. He also moves the court to appoint him counsel and certify a class. Docket 4. For the following reasons, Anderson's motion to proceed in forma pauperis is granted, his motion to

appoint counsel is denied, his motion for class certification is denied, and his complaint is dismissed.

## FACTUAL BACKGROUND

Anderson alleges that he and other similar persons are subjected to punitive punishment through the "48hr Awareness Program." Docket 1 at 4. He alleges that this program causes physical and emotional injuries, which lead to colds, flues, and denial of recreation and showers. *Id.* Anderson also alleges that while placed in administrative and segregated housing, inmates are denied direct access "to Inmate Legal Assistance, Inmate Law Library, and material to bring forth grievance." *Id.* He alleges these denials have extended "anywhere from 5 days, to 3 years." *Id.* at 5. Anderson further alleges that the Department of Correction's programs operate with "[d]eliberate [i]ndifference to the [o]ffender's safety." *Id.* Anderson alleges that prisoners, after filing grievances, are placed in double cells, as opposed to single cells, for the purpose of causing an injury through assault. *Id.* Anderson alleges this practice causes "physical and emotional injuries." *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must

contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007); *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *see also Beavers v. Lockhart*, 755 F.2d 657, 663-64 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief."

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time

3

under an installment plan.' " *Henderson v. Norris,* 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Anderson has reported average monthly deposits to his prisoner trust account of $0.30 and an average monthly balance of *negative* $1573.73. Docket 3. Based on this information, the court grants Anderson leave to proceed in forma pauperis and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Anderson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

4

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Anderson's institution. Anderson remains responsible for the entire filing fee, as long as he is a prisoner, even though the case is dismissed. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II. Screening Under § 1915A

### A. Retaliation

In his first count, Anderson alleges that the "48hr Awareness Program" is retaliatory discipline. "A prisoner's Eighth Amendment rights are violated if prison officials 'impose a disciplinary sanction [or otherwise take adverse action] against a prisoner in retaliation for the prisoner's exercise of his constitutional right.' " *Meuir v. Greene Cty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007) (quoting *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993)). To establish a prima facie case of retaliatory discipline, Anderson must show that "(1) [he] exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009).

In the instant case, Anderson alleges that defendants use the "48hr Awareness Program" to retaliate against offenders. Docket 1 at 4. As a result of defendants' alleged retaliatory actions, Anderson alleges that offenders suffer physical and emotional injuries, colds, flu, and inability to access recreation or a shower. *Id.* Liberally construed, these factual allegations fail to allege a

5

prima facie retaliation claim. Anderson has not alleged that he was exercising a constitutional right, nor has he alleged that such exercise was the motivation for the alleged retaliation. Absent such allegations, the court finds that Anderson's retaliation claim does not survive initial review under 28 U.S.C. § 1915(e)(2)(B). Anderson's retaliation claim is therefore dismissed.

### B. Deliberate Indifference to a Prisoner's Serious Health Care Needs

In his first count, Anderson also appears to be asserting a claim of deliberate indifference to a prisoner's serious health care needs. Docket 1 at 4. It is well established that deliberate indifference to a prisoner's serious health care needs is prohibited by the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Olson v. Bloomberg*, 339 F.3d 730, 735 (8th Cir. 2003). Anderson must demonstrate: "(1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000). "A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija,* 114 F.3d 778, 784 (8th Cir. 1997). Anderson has not pleaded sufficient facts to show that he has been actually diagnosed with disc degeneration disease or other disability. Nor has Anderson pleaded facts tending to show that defendants actually knew of his condition and deliberately disregarded those needs. Anderson's deliberate indifference claim is therefore dismissed.

### C. Americans with Disabilities Act (ADA)

Anderson asserts that defendants violated Title II of the ADA by forcing disabled inmates to sleep on concrete or solid steel, without proper bedding and clothing, and fed them a sack lunch containing two sandwiches. "Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Bahl v. Cty. of Ramsey*, 695 F.3d 778, 783 (8th Cir. 2012) (quoting 42 U.S.C. § 12132). In order to sufficiently allege that defendants violated Title II of the ADA, Anderson must allege:

> (1) that he is a qualified individual with a disability; (2) that he was excluded from participation in or denied the benefits of the jail's services, programs, or activities, or was otherwise subjected to discrimination by the jail; and (3) that such exclusion, denial of benefits, or other discrimination was by reason of his disability.

*Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010).

Anderson does not allege that he is disabled. Docket 1. Furthermore, he does not clearly allege facts sufficient to satisfy the second or third elements. Therefore, he fails to state a claim against defendants under the ADA and it is therefore dismissed.

### D. Access to the Courts & Grievance Process

Anderson claims that defendants had violated his rights under the First, Eighth, and Fourteenth Amendments, specifically his right to access to the courts and grievance process. Docket 1. He alleges that "while housed within

7

Administrative & Segregation Housing, an offender is denied direct access to Inmate Legal Assistance, Inmate Law Library, and material to bring forth grievance." Docket 1 at 4.

"Inmates undeniably enjoy a constitutional right of access to the courts and the legal system." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). To protect that right, prisons must provide inmates with the ability to mail their complaints and related legal correspondence. *Id.* (citing *Casey*, 518 U.S. at 351; *Bounds*, 430 U.S. at 824–28). "To state a claim . . . inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Id.* (citing *Casey*, 518 U.S. at 351). In either a claim that the prison library was inadequate or that prisoners were not provided with enough postage, the harm that must be shown is "a lost, rejected, or impeded legal claim." *Id.* Anderson does not allege that he has suffered an actual injury or harm. Docket 1. Anderson's access to the courts claim is therefore dismissed.

Anderson also has a constitutional right to petition prison staff for redress of his grievances. *See Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (filing grievances is a protected First Amendment activity). Anderson, however, does not allege that he suffered any deprivation of his right to petition prison staff. Anderson's access to the grievance process is dismissed.

### E. Prison Rape Elimination Act & Prison Policy

Anderson also made a complaint alleging defendants violated the Prison Rape Elimination Act (PREA) and prison policy. Docket 1 at 5. According to Anderson, "The Dept. of Corrections has engaged within a program with [d]eliberate [i]ndifference to the Offenders Safety[.]" Anderson appears to allege that prisoners, after filing grievances, are placed in double cells, as opposed to single cells, for the purpose of causing injury through an assault. Docket 1 at 5. Courts have found that PREA, however, does not create a private right of action enforceable by an individual civil litigant. *Woods v. Hays*, No. 2:15CV13 GDP, 2015 WL 3645141, at *2 (E.D. Mo. June 10, 2015); *see also Krieg v. Steele*, 599 F. App'x 231, 232 (5th Cir.), *cert. denied*, 136 S. Ct. 238 (2015). This court agrees. Further, Anderson cannot state a claim that defendants violated prison policy because "there is no § 1983 liability for violating prison policy." *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997); see also *Moore v. Rowley,* 126 F. App'x 759 (8th Cir. 2005). Anderson's PREA claim is therefore dismissed.

### III. Motion to Appoint Counsel

Anderson moves the court to appoint him counsel. Docket 4. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing,* 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant's civil case, the district court considers the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the

indigent litigant's ability to present his claim. *Id.* Anderson's claims are not complex, and he appears able to adequately present his § 1983 claims at this time. Therefore, his motion is denied.

### IV. Motion for Certification of Class

Anderson asserts that his lawsuit was filed on behalf himself and "any and all persons similar." Docket 1. Anderson further asserts that the Federal Rule of Civil Procedure 23 requires the court to issue an order for class action certification. Docket 4.

To receive class certification under Fed. R. Civ. P. 23, a movant must demonstrate the following:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to meeting each of these prerequisites to class certification, movants must also satisfy one of the circumstances outlined in Rule 23(b)(1)–(3).

After screening Anderson's original complaint and his motion for class certification, it is apparent that Anderson is incapable of fairly and adequately protecting the legal interests of his purported class. *See* 7A Wright, Miller & Kane, Federal Practice and Procedure, Civil 3d § 1769.1 (class representatives cannot appear pro se). Furthermore, Anderson's motion for class certification does not demonstrate "'that there are other members of the class who have the same or similar grievances as the plaintiff.'" *Rentschler v. Carnahan*, 160

F.R.D. 114, 116 (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977)). Anderson has therefore failed to satisfy two of the four prerequisites to class certification. Thus, the court denies Anderson's motion for certification of a class.

**CONCLUSION**

Anderson fails to state a claim against defendants. Because Anderson is proceeding pro se, the court will allow him until September 29, 2017, to amend his complaint if he wishes.

Thus, it is ORDERED

1. Anderson's motion for leave to proceed in forma pauperis Docket 2 is granted.
2. Anderson's institution will collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.
3. The clerk of the court is directed to send a copy of this order to the appropriate official at Anderson's institution.
4. Anderson fails to state a claim upon which relief may be granted, and his claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).
5. If Anderson wishes to amend his complaint, he must do so by **September 29, 2017**.

6. Anderson will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

DATED this 29th day of August, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE