UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TERRY ALLEN ANDERSON, AND ANY AND ALL PERSONS SIMILAR;<br>        Plaintiff,<br>  vs.<br><br>D. KAEMINGK, SECRETARY OF CORRECTIONS AT DEPT. OF CORRECTIONS FOR STATE OF SD, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; D. YOUNG, WARDEN AT SIOUX FALLS PRISON SYSTEM, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; T. PONTO, ASSOC. WARDEN AT JAMESON ANNEX, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; A. ALLCOCK, ASSOC. WARDEN AT SDSP, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; T. MEIROSE, A. MADSEN, O. BERTSCH, (SECTION MANAGERS);<br><br>        Defendants. | 4:17-CV-04096-KES<br><br>ORDER DENYING MOTION TO RECONSIDER |

Plaintiff, Terry Anderson, is an inmate at the South Dakota State Penitentiary in Sioux Falls. Anderson filed a pro se civil rights lawsuit and requested leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 1; Docket 2. The court granted Anderson's motion to proceed in forma pauperis but dismissed his complaint without prejudice for failure to state a claim upon which relief may be granted. Docket 6. Anderson now moves the court to reconsider this order. Docket 8.

The Federal Rules provide the following regarding grounds for relief from an order:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A district court's decision on a motion for reconsideration rests within its discretion. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 413 (8th Cir. 1988). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 414 (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), *as amended,* 835 F.2d 710 (7th Cir. 1978)). Anderson claims fraud and misrepresentation by the court in seeking a reconsideration. Docket 8 at 3. The court construes Anderson's claim as one questioning the court's interpretation of the facts, rather than

2

an assertion relating to the court's intent. The court addresses individually each issue raised in the motion to reconsider.

## I. Retaliation or Conditions of Confinement

Anderson first asks the court to reconsider its dismissal of his retaliatory discipline claim. Docket 8. The court found that Anderson failed to state a retaliatory discipline claim, because Anderson did not allege that he was exercising a constitutional right or that an exercise of a constitutional right was the motivation for the alleged retaliation. Docket 6. Anderson provides more detailed factual allegations in his motion to reconsider, but he still fails to allege that he was exercising a constitutional right or that an exercise of a constitutional right was the motivation for the alleged retaliation. Thus, Anderson has failed to show that the court's previous order was based on any erroneous findings of fact or conclusions of law.

Anderson's claim could instead be construed as a conditions of confinement claim. Anderson identified his first claim as a retaliation claim on the Civil Rights Complaint form, but his motion to reconsider cites cases involving unconstitutional conditions of confinement in segregation housing. For example, Anderson cites *Maxwell v. Mason*, 668 F.2d 361 (8th Cir. 1981), to support his claim. In *Maxwell*, the Eighth Circuit affirmed a district court's finding of cruel and unusual punishment where an inmate was

confined in solitary confinement for fourteen days with no clothing except undershorts and no bedding except a mattress. *Id.* at 364.

The conditions of confinement and treatment of prisoners claims are subject to Eighth Amendment scrutiny. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care" and that reasonable measures are taken to ensure the safety of the inmates. *Id.* at 832-33. Prison conditions will violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain[.]" *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The "Constitution does not mandate comfortable prisons" but it does prohibit "inhumane ones." *Farmer*, 511 U.S. at 832-33 (internal quotation omitted).

In order to prevail on an Eighth Amendment conditions of confinement claim, a prisoner must prove that: (1) objectively, the deprivation was sufficiently serious to deprive him of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) subjectively, the defendants were deliberately indifferent to the risk of harm posed by the deprivation. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998).

The Eighth Circuit has "held there is no absolute Eighth Amendment right not to be put in a cell without clothes or bedding." *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995) (citing *Johnson v. Boreani*, 946 F.2d 67, 71

(8th Cir. 1991)). In *Williams*, Williams was placed in a strip cell after he attacked his wife during a visit. In the strip cell, Williams was forced to remove his clothing and remain in a strip cell that had only a light, toilet, and sink. Later, the mattress was removed and the water was shut off preventing Williams from flushing the toilet or washing his hands. *Id.* Williams requested the water be turned on, and that he be provided with a tooth brush, toothpaste, deodorant, soap, sheets, blankets, pillow cases, pillow, a mattress, legal mail, and clothing. *Id.* Williams's requests were denied and he remained in these conditions for four days. *Id.* The Eighth Circuit stated that "Williams has failed to present any evidence tending to establish that the conditions in the strip cell denied him the minimal civilized measure of life's necessities." *Williams*, 49 F.3d at 445 (internal quotations omitted). The court continued that "[n]othing in the record indicates that Williams suffered any injuries or that his health was impaired as a result of his four-day confinement in the strip cell. At most, Williams's evidence shows only that he felt some discomfort." *Id.* at 446.

Here, Anderson alleges he was placed in disciplinary housing on the "48hr Awareness Program" twelve or more times. Docket 8 at 3. During those times, he alleges that he was deprived of clothing, a mattress, and bedding for 48 to 60 hours, exposed to extreme temperatures ranging from under 60 to 120 degrees plus, and denied access to the law library. *See* Docket 8 at 2. Liberally construed, Anderson fails to state an Eighth Amendment conditions

5

of confinement claim based on the failure to provide adequate clothing and bedding for up to 60 hours. Anderson did not allege that he endured the alleged conditions as long as Williams, where the Eighth Circuit found no Eighth Amendment claim, or as Maxwell, where the Eighth Circuit found an Eighth Amendment claim. *See Williams*, 49 F.3d at 446; *Maxwell*, 668 F.2d at 364. Thus, Anderson fails to state a conditions of confinement claim.

II. **Access to the Courts**

Anderson then asks the court to reconsider his access to the courts claim. Docket 8 at 7. The court dismissed Anderson's claim, because Anderson did not allege that he had suffered an actual injury or harm. Docket 6 at 7-8. Anderson's motion to reconsider still fails to allege that he suffered an actual injury to pending or contemplated legal claims as is required by *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Thus, Anderson has failed to show that the court's previous order was based on any erroneous findings of fact or conclusions of law.

III. **ADA Claim**

Anderson asks the court to reconsider his ADA claims in light of other inmates' needs, including "Rindahl." The court will not reconsider Anderson's ADA claim as brought on behalf of other inmates for several reasons. First, this does not fall within the purview of Rule 60. Second, no other inmates are named plaintiffs. Third, this court denied Anderson's motion to certify a class. Finally, a non-attorney may appear pro se on his

6

own behalf but may not represent others. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). Thus, Anderson has failed to show that the court's previous order was based on any erroneous findings of fact or conclusions of law. Thus, it is

ORDERED that Anderson's motion for reconsideration (Docket 8) is denied.

DATED this 4th day of May, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE